```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x    05 Civ. 10447 (SCR)
AXA EQUITABLE LIFE INSURANCE
COMPANY,                            MEMORANDUM OF LAW IN
                                    OPPOSITION TO PLAINTIFFS
            Plaintiff,              MOTION FOR AN ORDER
                                    PERMITTING PLAINTIFF
    -against-                       TO DEPOSIT MONTHLY
SYLVIA  DEIANA,                     INSRANCE BENEFITS INTO
                                    COURT REGISTRY
            Defendant.
-------------------------------x    ELECTRONICALLY FILED
```

SCOTT J. STEINER PC
Attorney for defendant
2 William Street Suite 302
White Plains, New York 10601

**TABLE OF AUTHORITIES**

**Statutes**

§ 2701(2) of the CPLR ............................ 2,3,4,8,9

§3212 of the Insurance Law ........................... 6, 8

**Cases**

Borders Electronics Co., Inc. v. Whirlpool Corp. 531
  F.Supp. 125, *128 (S.D.N.Y., 1982 ...................... 9

Conforti v. Goradia, 234 A.D.237, 651 N.Y.S. 2d 506 (1st
  dep't, 1996) ......................................... 5

Del Gaizo v. Del Gaizo, 125 A.D.2d 815, 509 N.Y.S.2d 917,
  36 Ed. Law Rep. 859 (N.Y.A.D. 3 Dept.) ............... 5

Delta Air Lines, Inc. v. Tie Cargo Corp., Not Reported in
  F.Supp., 1996 WL 1088913 (E.D.N.Y. 1996) .............. 9

Lade v. Levitt, 33 A.D. 2d 956, 306 N.Y.S. 2d 704 (3rd
  dep't, 1970), ........................................ 5

Lessard v. Metropolitan Life Ins. Co., 568 A.2d 491, *499
  (Me.,1989) ........................................... 6

Norwalk v. J.P. Morgan & Co., Inc., 702 N.Y.S.2d 96, 99,
  268 A.D.2d 413 ....................................... 8

Rosenblat v. Seidman, 243 A.D.2d 699,
663 N.Y.S.2d 290(2nd dep't 1997) ......................... 8

Werner v. Werner, 70 Misc.2d 1051, 334 N.Y.S.2d 966
  (N.Y.Sup., 1972) ..................................... 5

Wien & Malkin LLP v. Wichman, 255 A.D.2d 244, 680
  N.Y.S.2d 250, 1998 N.Y. Slip Op. 10254
  (1st Dep't. 1998) .................................... 5

Wilkes v. Equitable Life Assur. Soc. of U.S., 289 N.Y. 63,
  (N.Y. 1942), ..................................... 6,7, 8

## INTRODUCTION

The defendant, Sylvia Deiana, is a policyholder under a disability insurance policy underwritten by the plaintiff's predecessor in interest, the Equitable, in about July, 1992 (the "Equitable Policy"). In about 2004, Ms. Deiana was diagnosed with a brain tumor and underwent emergent surgery to remove the growth. Ms. Deiana claimed benefits under the Equitable Policy for disabilities arising from her brain tumor and from pulmonary conditions. Plaintiff does not allege that Ms. Deiana does not suffer from the conditions for which she is receiving disability benefits. Nor can plaintiff allege that the conditions from which she now suffers are any way related to the mental, emotional or psychiatric conditions that she allegedly did not disclose in her disability application in 1992.

This litigation was commenced by the Equitable to rescind the Equitable Policy based upon the allegation that Ms. Deiana, in failing to disclose certain mental, emotional or psychiatric diseases or disorders in the 1992 application for the Equitable Policy, made

1

fraudulent misrepresentations.  Plaintiff claims that had Ms. Deiana fully disclosed her medical history on the application, it would not have issued the policy in 1992 and is therefore entitled to recession of the transaction.

The issues in this case have not been adjudicated, the policy is in full force and effect, and benefits are payable to Ms. Deiana on a monthly basis.

By this motion, Plaintiff requests a pre-judgment court order allowing it to cease making payments under the policy so that it may offset any judgment that it ultimately receives against the periodically accruing payments.  Equitable requests an order allowing it to stop paying disability payments to the defendant and, instead, deposit payments into Court, purportedly in order to "protect itself from further financial loss" in this matter.  At issue is whether the Equitable is entitled to cease making payments under a disability policy that is still in effect in order to use accruing funds as an offset, should plaintiff prevail, thereby depriving the defendant of her source of income, prior to judgment in this matter.

2

Plaintiff's reliance upon Section 2701(2) of the CPLR (hereinafter referred to as "§ 2701") is misplaced and the cases cited are inapposite. Most of the cases in which § 2701 has been employed involve matters in which the State Retirement Fund is a stakeholder of a death benefit. In other instances, art has been deposited pursuant to § 2701 and, in one instance cited by the plaintiff, disputed rent. There is no reported case that has determined that disability insurance payments may be withheld in a recession action, prior to judgment, on the bare allegation of the insurer that the defendant might not have the funds to pay any judgment ultimately rendered.

Rather, New York law explicitly prohibits the judicial offset of disability payments to satisfy a judgment in favor of the insurer.

Moreover, the disability payments payable to Ms. Deiana under the policy constitute income under New York law. The relief requested by the plaintiff constitutes the *de facto* garnishment and attachment of defendant's disability income, which constitutes exempt property under New York Law.

Finally, any judicial ruling that deprives defendant of her disability income under the rubric of §2701 would cripple the defendant and foreclose her ability to defend this action against her.

## LEGAL ARGUMENT

CPLR § 2701   states in pertinent part:

> § 2701. When court may order disposition of property.  The court, upon motion or on its own initiative, with such notice as it deems proper, may order personal property capable of delivery which is the subject of the action, paid into court, or delivered to such person as it may direct, with such security as the court shall direct, and subject to its further direction if:
>
>    …2. a party has such property in his possession, custody or control and it belongs or is due to another party, where special circumstances make it desirable that payment or delivery to such other party should be withheld…

The plaintiff claims that it is in possession of personal property consisting of disability payments, which are the subject of this action.  Plaintiff admits that the payments are due to the defendant.

In support of its request, the plaintiff cites cases involving circumstances that wholly differ from the circumstances at bar and ignores the exempt status of disability insurance payments as income and under the

4

Insurance Law. None of the cases cited by the plaintiff are relevant to the circumstances at bar.

In <u>Lade v. Levitt</u>, 33 A.D. 2d 956, 306 N.Y.S. 2d 704 (3rd dep't, 1970), the issue involved whether the Comptroller of the New York State Retirement System was correct in his determination regarding the distribution of a contested death benefit. The Retirement System was, in effect, a stakeholder, and the death benefit was deposited into court pending determination of the proper beneficiary. Similarly, the court in <u>Werner v. Werner</u>, 70 Misc.2d 1051, 334 N.Y.S.2d 966 (N.Y.Sup., 1972). involved payment of accrued funds held by the New York State Retirement System.  See. <u>Del Gaizo v. Del Gaizo</u>, 125 A.D.2d 815, 509 N.Y.S.2d 917, 36 Ed. Law Rep. 859 (N.Y.A.D. 3 Dept.)

In <u>Wien & Malkin LLP v. Wichman</u>, 255 A.D.2d 244, 680 N.Y.S.2d 250, 1998 N.Y. Slip Op. 10254 (1st Dep't. 1998), the court allowed the deposit of severance payments into court, noting that such deposit benefited the defendant, because the plaintiff had ceased making payments. In <u>Conforti v. Goradia</u>, 234 A.D.237, 651 N.Y.S. 2d 506 (1st

5

dep't, 1996), the First Department affirmed the deposit of already accrued, disputed rent payments into court.

The disability income payments at issue in this case are materially different from any of the personal property at issue in any of the cases cited by the plaintiff. The funds at issue are not disputed funds held by a disinterested stakeholder. Rather, they are disability payments that have not yet accrued, payable by an insurer that would like to retain the payments to be offset against a judgment it hopes to procure. Most notably, the disability income payments are governed by §3212 of the Insurance Law. §3212 states in pertinent part:

> (c)(1) No money or other benefits payable or allowable under any policy of insurance against disability arising from accidental injury or bodily infirmity or ailment of the person insured, shall be liable to execution for the purpose of satisfying any debt or liability of the insured, whether incurred before or after the commencement of the disability, except as provided in subsection (e) hereof.

McKinney's Insurance Law § 3212.[1]

---

[1] The term 'execution' includes execution by garnishee process and every action, proceeding or process whereby assets of a debtor may be subjected to the claims of creditors.

In Wilkes v. Equitable Life Assur. Soc. of U.S., 289 N.Y. 63, (N.Y. 1942), the Court of Appeals held it improper for a court to apply future disability payments in order to offset obligations of the insured to the insurer. In Wilkes, the plaintiff was claiming benefits under nine disability policies underwritten by the Equitable. The equitable counterclaimed with respect to three of the policies, alleging that they were procured by false and untrue representations. The court rescinded the three contested policies and the Equitable moved to offset the amount due on its counterclaims from the sums owed on the six policies that remained in full force. The court held that the defendant was not permitted to collect its money award out of the disability benefits already due or as they become due under the six uncontested policies, stating that such a result "would be violative of chapter 626 of the Laws of 1934, now in substance embodied in subdivisions 2 and 5 of section 166

---

§ 3212(a)(4).

Lessard v. Metropolitan Life Ins. Co., 568 A.2d 491, *499 (Me.,1989).

7

(formerly § 55-b) of the Insurance Law (Cons. Laws, ch. 28), providing that no disability benefits 'shall be liable to execution, attachment, garnishment, or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such insured person… ." Wilkes, supra.

In the case at bar, as in Wilkes, the Equitable intends to offset any judgment it might eventually obtain with insurance benefits that are due or as they become due.  Here, as in Wilkes, the offset would be against benefits that are properly due to the insured.  §3212 of the Insurance Law prohibits the appropriation of the defendant's disability income.

But even assuming, *arguendo*, that the disability benefits at issue are the proper subject of an order pursuant to §2701, the special circumstances required by §2701 do not exist to justify such an order.  The plaintiff, suggests, through innuendo, that it might not be able to satisfy any eventual judgment and attempts to prejudice the Court by appending irrelevant deposition testimony.  However, it is improper for a court to direct

8

payment simply to provide security for the satisfaction of a possible judgment. See. Rosenblat v. Seidman, 243 A.D.2d 699, 663 N.Y.S.2d 290(2nd dep't 1997). (The court in a mortgage foreclosure action improperly directed the purchaser of the subject property to pay the disputed mortgage installments and another sum into the court to provide security for the satisfaction of a possible judgment.) See, also, Norwalk v. J.P. Morgan & Co., Inc., 702 N.Y.S.2d 96, 99, 268 A.D.2d 413 (2nd Dep't. 2000). Here, the plaintiff requests the extraordinary relief of withholding disability insurance payments and, thereby, to deprive defendant of her income during the pendency of this litigation.  In so doing, plaintiff is requesting the relief that it would only be entitled to upon a judgment in its favor. Plaintiff has not shown a likelihood that any recovery that it might obtain would be defeated.  Nor has plaintiff met its burden of proving both materiality of the alleged misrepresentations and that any such misrepresentation was fraudulent.  The courts have shown great reluctance to sequester property pursuant to §2701 at the behest of an interested litigant that has not yet proven its entitlement to the property.

See <u>Delta Air Lines, Inc. v. Tie Cargo Corp.</u>, Not Reported in F.Supp., 1996 WL 1088913 (E.D.N.Y. 1996); <u>Borders Electronics Co., Inc. v. Whirlpool Corp.</u> 531 F.Supp. 125, *128 (S.D.N.Y., 1982). Here, where the payments at issue represent income to a disabled person from her insurer, circumstances require that defendant continue to receive those payments unless and until this Court rules on the merits in favor of the plaintiff.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the motion be denied.

Dated:   White Plains, New York
         August 3, 2007

                              Scott J. Steiner, PC

         By:          _____/s/_____
                              Scott J. Steiner (SS-0484)
                              Attorney for defendant
                              2 William Street Suite 302
                              White Plains, New York 10601
                              (914) 328-4734

## CERTIFICATE OF SERVICE

This is to certify that on this, the 3rd day of August the within Memorandum of Law in Opposition to Plaintiff's Motion for an Order Permitting Plaintiff to Deposit Monthly Insurance Benefits into Court Registry was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.

_____/s/_____
Scott J. Steiner, Esq.