UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>SYLVIA DEIANA,<br>    Defendant. | 05CV10447 (SCR)<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING PLAINTIFF TO DEPOSIT MONTHLY INSURANCE BENEFITS INTO COURT REGISTRY**<br><br>**FILED ELECTRONICALLY** |

SHIPMAN & GOODWIN, LLP
One Constitution Plaza
Hartford, CT 06103
860-251-5634
Mark K. Ostrowski (M02515)
mostrowski@goodwin.com

## Table of Contents

INTRODUCTION ................................................................................................... 1.

LEGAL ARGUMENT ............................................................................................ 1.

CONCLUSION ....................................................................................................... 7.


# Table of Authorities

Rules:

New York Civil Practice Law and Rules § 2701 .................................................................. 1-5, 7

Cases:

*Rosenblat v. Seidman*, 663 N.Y.S.2d 290 (N.Y. App. Div. 1997) ................................................. 3

*Borders Electronics Co., Inc. v. Whirlpool Corp.*, 531 F. Supp. 125 (S.D. N.Y. 1982) ............. 4

*Delta Air Lines, Inc. v. Tie Cargo Corp.*, 96-CV-3792(JG), 1996 U.S. Dist. Lexis 22755 (E.D. N.Y. Oct. 17, 1996) .................................................................................................................. 4

*Scott v. Metro. Life Ins. Co.*, 664 F. Supp. 619 (D. Me. 1987) ....................................................... 6

*Wilkes v. Equitable Life Assur. Soc.*, 289 N.Y. 63 (1942) ............................................................. 6

## INTRODUCTION

During its evaluation of her claim for disability benefits, Plaintiff AXA Equitable Life Insurance Company (the "Equitable") learned of unrefuted evidence that Defendant Sylvia Deanna had made fraudulent and material misrepresentations regarding her mental health history on her application for her disability insurance policy (the "Policy"). Thereafter, the Equitable commenced this litigation to rescind the Policy, under which Defendant has already received more than $173,000 in benefits. Notwithstanding its knowledge of Defendant's fraud, the Equitable has continued to pay monthly disability benefits to Defendant pending resolution of this lawsuit. To protect itself from further loss, however, the Equitable has moved this Court for an order to make future disability insurance payments to this Court during the pendency of this action ("Equitable's Motion for Order") pursuant to New York Civil Practice Law and Rules § 2701.2 ("CPLR").

In her Opposition to the Equitable's Motion for Order, Defendant argues that the Equitable has not satisfied the elements necessary to justify an order to pay future disability benefits to this Court pursuant to § 2701. In addition, Defendant suggests that the relief sought by the Equitable runs afoul of New York Insurance Law § 3212(c), because it "constitutes the *de facto* garnishment and attachment of defendant's disability income." Both of these arguments, however, are wrong and should be rejected by this Court.

## LEGAL ARGUMENT

A.  The Equitable's Motion For Order Permitting It To Deposit Monthly Insurance Benefits Into Court Clearly Satisfies The Minimal Requirements Of CPLR § 2701.

Pursuant to CPLR § 2701.2, this Court may order that personal property which is the subject of this litigation be paid to this Court so long as two elements are met: (1) a party has

1

such personal property in its possession, and it is due to another party; and (2) special circumstances make it desirable that payment or delivery to other party be withheld. The Equitable's Motion for Order easily satisfies these minimal requirements. For instance, Defendant does not dispute that the Equitable satisfies the first element of CLPR § 2701.2, as the Equitable is in possession of personal property, *i.e.* insurance benefits, which is the subject of this litigation, and is payable to Defendant under the terms of the Policy.

Second, the Equitable has clearly demonstrated the existence of "special circumstances" in this case that make it desirable for additional disability payments to be withheld. Specifically, if the Equitable is successful in this action, it will obtain rescission of the Policy as well as a judgment requiring Defendant to return all prior payments made under the Policy. However, such a judgment may well be worthless if the Equitable is required to make future payments to Defendant, who appears likely to disburse the benefits paid each month. To protect itself from further financial loss under a fraudulently obtained Policy, the Equitable has moved for an order to deposit future disability payments with this Court.

Defendant suggests that the Equitable cannot establish any "special circumstances" sufficient to justify entry of an order pursuant to CLPR § 2701.2. Specifically, Defendant complains that the Equitable employs only "innuendo" to show that she may not be able to satisfy any judgment against her. Opposition at 8. To the contrary, several admissions in Defendant's own brief provide strong evidence that the Equitable will be unlikely to recover any future payments made to Defendant. For example, the Opposition expressly states that granting the Equitable's motion would "deprive[] defendant of her disability income," and thus "cripple the defendant." *Id.* at 4. According to Defendant's Opposition, moreover, she is so reliant upon the continued disability payments under the Policy that such a ruling would "foreclose

2

[Defendant's] ability to defend this action against her." *Id.* Indeed, she contends that the relief requested by the Equitable would "deprive defendant of her income during the pendency of this litigation." *Id.* at 9. As a matter of common sense, it is highly unlikely that the Equitable will be able to recover any future disability payments to Defendant where, as here, Defendant essentially argues that the granting of this order will "cripple" her financially.[1] Thus, based on the language in Defendant's own brief, she has essentially conceded that the requisite "special circumstances" exist to warrant entry of an order pursuant to CLPR § 2701.2.

Although Defendant's Opposition is hardly a model of clarity, it appears to make at least two additional arguments, both of which are based upon an incorrect characterization of the relief sought by the Equitable. For instance, Defendant appears to argue that even if the minimal requirements of CLPR § 2701.2 are met, this Court should not order future payments to the Court registry because "it is improper for a court to direct payment simply to provide security for the satisfaction of a possible judgment." Opposition at 8-9. However, the Equitable's Motion for Order does not seek payment to the Court registry "to provide security" for satisfaction of a possible judgment. Instead, the Equitable merely asks the Court to order that future disability payments be paid directly to the Court registry, and held during the pendency of this litigation. This is to protect it against future substantial loss, not for the purpose of securing a judgment. Further, the cases cited by Defendant in support of this argument are inapt. For instance, in *Rosenblat v. Seidman*, 663 N.Y.S.2d 290, 290 (N.Y. App. Div. 1997), the trial court ordered, *sua sponte*, the defendant to deposit a sum into the court "as security for any future judgment entered against her in this action" pursuant to CLPR § 5701(c). The Appellate Division reversed the trial

---

[1] The Equitable recognizes that if this Court orders future disability payments to be made to the Court registry, there will be some impact on Defendant's personal finances. However, Defendant's statement that such an action will "cripple" her financially is disingenuous. At her deposition, she conceded that she and her husband receive over $8,200 per month in social security and disability insurance benefits. This is exclusive of the benefits at issue in this litigation.

3

court's order under CLPR § 5701(c). *Id.* In addition, it held that "the circumstances set forth in CPLR § 2701, which allow a court to order the payment of personal property into court, are not present in this case." *Id.* Here, by contrast, the Equitable has not invoked CLPR § 5701(c). In addition, as argued above, its Motion for Order has amply satisfied the minimal requirements of section 2701.2.

Similarly, the Defendant argues that "the courts have shown great reluctance to sequester property pursuant to § 2701 at the behest of an interested litigant that has not yet proven its entitlement to the property." Opposition at 9. Here, too, Defendant falsely implies that the Equitable's Motion for Order asks this Court to "sequester" any property. In addition, the cases cited in support of this argument miss the mark. Indeed, in both *Borders Electronics Co. v. Whirlpool Corp.*, 531 F. Supp. 125, 127 (S.D. N.Y. 1982) and *Delta Air Lines, Inc. v. Tie Cargo Corp.*, 96-CV-3792(JG), 1996 U.S. Dist. Lexis 22755, at *11 (E.D. N.Y. Oct. 17, 1996), the courts denied motions to order property paid into court pursuant to CLPR § 2701.1, a statutory provision which is not at issue in this case. Moreover, in both *Borders Electronics Co.* and *Delta Air Lines*, the moving parties sought to have disputed property deposited with the court where it was not in their own possession, but *instead in the possession of their adversary*. *See Borders Elecs. Co.*, 531 F. Supp. at 127; *Delta Air Lines, Inc.*, 1996 U.S. Dist. Lexis 22755, at *11. Here, by contrast, the Equitable seeks an order directing that it pay into the Court registry property *which is presently in its own possession*, and it is undisputed that the property will become payable to Defendant in the future under the terms of the Policy.

  B. <u>Insurance Law § 3212 Does Not Prohibit Payment Of Disability Benefits To Court During Pendency Of Litigation Pursuant To CLPR § 2701.2.</u>

Next, Defendant inaccurately asserts that the "the relief requested by the plaintiff constitutes the *de facto* garnishment and attachment of defendant's disability income." Based

4

upon this false and misleading statement, Defendant contends that the relief sought by the Equitable's Motion for Order would run afoul of New York Insurance Law § 3212(c)(1), which proscribes "execution" upon disability benefits. This argument, however, is wrong for at least two reasons.

**First**, Defendant's argument is wrong because, like several of Defendant's other arguments, it is based upon a mischaracterization of the relief sought by the Equitable. The Equitable's Motion for Order makes perfectly clear that it does not seek to garnish or attach any future insurance payments to Defendant. Indeed, the Equitable merely asks this Court to order that future disability payments be paid directly to this Court, and held by this Court during the pendency of the litigation, as provided by New York law. This Court should reject Defendant's attempt to persuade this Court by means of shrill rhetoric and misleading statements.[2]

**Second**, the relief actually sought in the Equitable's Motion for Order does not run afoul of N.Y. Ins. Law § 3212(c).[3] Indeed, this statute only proscribes "execution" upon disability benefits, which is expressly defined by the statute as "execution by garnishee process" or actions "whereby assets of a debtor may be subjected to the claims of creditors." *See* N.Y. Ins. Law §

---

[2]   Defendant's Opposition makes several additional misstatements regarding the relief sought in the Equitable's Motion for Order. For instance, Defendant's Opposition incorrectly claims that the Equitable intends to "cease making payments" under a disability policy still in effect. Opposition at 2. To the contrary, the Equitable has continued to pay monthly disability benefits to Defendant throughout this litigation. Indeed, the Equitable's Motion for Order simply asks this Court to hold all future payments pending the outcome of this litigation.

In addition, Defendant's Opposition falsely contends that the Equitable's Motion for Order seeks: (1) "the appropriation of the defendant's disability income"; and (2) that it "is requesting the relief that it would only be entitled to upon a judgment in its favor." *Id.* at 8-9. All of these statements are patently misleading and should be rejected by this Court.

[3]   Section 3212(c) states, in pertinent part: "No money or other benefits payable or allowable under any policy of insurance against disability arising from accidental injury or bodily infirmity or ailment of the person insured, shall be liable to execution for the purpose of satisfying any debt or liability of the insured, whether incurred before or after the commencement of the disability . . . ." The term "execution" is defined to include "execution by garnishee process and every action, proceeding or process whereby assets of a debtor may be subjected to the claims of creditors." N.Y. Ins. § 3212(a)(4).

5

3212(a)(4). Here, as already noted, the Equitable's motion simply asks this Court only to hold all future disability payments under the Policy as a neutral third party, pending the outcome of this litigation. Clearly, the relief sought by the Equitable's Motion for Order is not prohibited by § 3212(c) because it does not qualify as "execution" as defined by New York Insurance Law § 3212(a)(4). *See Scott v. Metro. Life Ins. Co.*, 664 F. Supp. 619, 626 (D. Me. 1987) ("New York Insurance Law section 3212(c) proscribes only 'execution' upon disability benefits; that section does not apply to an insurer's practice of recovering overpayments by withholding future payments.")

Moreover, Defendant's citation to *Wilkes v. Equitable Life Assur. Soc.*, 289 N.Y. 63, 65 (1942), is unpersuasive. There, the plaintiff sued to recover disability benefits on nine life insurance polices, and the insurer counterclaimed that three of those policies were invalid because they were fraudulently procured. *Wilkes*, 289 N.Y. at 65. The trial court entered a judgment to rescind three of plaintiff's policies, and awarded the insurer $12,300 for payments made pursuant to those policies. *Id.* In addition, the court authorized the insurer "to apply future disability benefits under those policies towards satisfaction of the judgment." *Id.* The Supreme Court affirmed the lower court's judgment to rescind, but reversed the trial court's judgment to the extent that it allowed the insurer to execute the disability benefits due under the valid, uncontested disability policies. *Id.* In other words, the Court held that the insurer "may not be permitted to collect its money award out of the disability benefits already due, or as they become due, under the six uncontested policies." *Id.*

Clearly, the facts of this case are quite different from those described in *Wilkes*. Here, for instance, the Equitable has not attempted to execute or attach future disability payments to Defendant. As clearly stated in its Motion for Order, it seeks only to deposit those payments

6

with this Court during the pendency of this litigation pursuant to CPLR § 2701.2. Moreover, the Equitable does not admit that Defendant is entitled to receive any benefits under the Policy in this case. Indeed, the Equitable has provided this Court with undisputed facts that demonstrate that the Equitable is substantially likely to prevail with regard to its rescission claim at trial. In *Wilkes*, by contrast, the insurer attempted to collect its money award out of the disability benefits under six *uncontested* insurance policies.

## CONCLUSION

WHEREFORE, AXA Equitable Life Insurance Company, respectfully moves this Court for an order directing that all insurance benefits, which are or may become due to the Defendant, be paid into the court registry during the pendency of this action.

Dated: August __, 2007
Hartford, CT

                                      PLAINTIFF,
                                      AXA EQUITABLE LIFE INSURANCE
                                      COMPANY

                                      /s/ Mark K. Ostrowski
                                      Mark K. Ostrowski (MO 2515)
                                      Shipman & Goodwin LLP
                                      One Constitution Plaza
                                      Hartford, CT 06103
                                      (860) 251-5634 (telephone)
                                      (860) 251-5216 (facsimile)
                                      Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August __, 2007, a copy of the foregoing Reply to Defendant's Opposition to Plaintiff's Motion for Order Permitting Plaintiff to Deposit Monthly Insurance Benefits into Court Registry was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mark K. Ostrowski
Mark K. Ostrowski

480383 v.04

8