UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AXA EQUITABLE LIFE INSURANCE COMPANY,

                Plaintiff,          05 Civ. 10447 (SCR)

      -against-                       **DECISION AND ORDER**

SYLVIA DEIANA,

                Defendant.
------------------------------------------------------------X

STEPHEN C. ROBINSON, U.S. District Judge:

## I.   Background

AXA Equitable Life Insurance Company (the "Plaintiff") brought this diversity suit on December 13, 2005 against Sylvia Deiana (the "Defendant"), alleging that Defendant made fraudulent and material misrepresentations about her medical history and financial background in her application for a disability insurance policy. In sum, Defendant applied for the policy in question in July 1992, and indicated in her application that she had never had any emotional or psychological disease or disorder, and that she had never been a patient in a hospital within the previous five years. Plaintiff alleges, however, that Defendant had been treated for mental illness since 1984, and had been an inpatient at White Plains Hospital Center in March 1991. After being diagnosed with a brain tumor and undergoing surgery in 2004, Defendant began receiving benefit payments pursuant to the 1992 policy.

Plaintiff seeks to rescind the policy and to recover the benefits it has paid to Defendant to date; according to Plaintiff, as of the date this motion was filed, it has paid Defendant more than $173,000 in benefits. During the pendency of the lawsuit, Plaintiff has continued to pay benefits to Defendant. Plaintiff filed the instant motion, pursuant to New York Civil Practice Law and

Rules ("CPLR") § 2701(2), as applied through Fed. R. Civ. P. 64, seeking an order permitting it to deposit all future insurance benefits payments claimed by Defendant into the court registry until the final resolution of this action. Plaintiff has filed this motion to protect itself from any additional financial loss, as it believes that Defendant will not have money to return to Plaintiff in the event that Plaintiff prevails in this lawsuit. For the reasons set forth below, Plaintiff's motion is DENIED.

## II.     Analysis

### A.     Text and prior applications of CPLR § 2701(2)

New York CPLR § 2701(2) provides that a court "may order personal property capable of delivery which is the subject of the action paid into court…if a party has such property in his possession, custody or control and it belongs or is due to another party, where special circumstances make it desirable that payment or delivery to such other party should be withheld." The statute has been invoked by various courts in myriad circumstances, though neither party has identified, nor has the Court located, a case where disputed insurance benefits were paid into a court registry in order to guard against the risk of further losses by the insurance company.

To illustrate the application of § 2701(2), Plaintiff points us to two cases from the early 1970s where the Appellate Division ordered the New York State Comptroller to pay a decedent's not-yet-disbursed retirement benefits into the court registry. See Lade v. Levitt, 33 A.D.2d 956, 957 (N.Y. App. Div. 1970); Werner v. Werner, et al., 70 Misc. 2d 1051, 1053 (N.Y. App. Div. 1972). In Lade, the decedent retiree had entered into a separation agreement with his former wife in which he promised his remaining retirement benefits to her upon his death, but before he died designated a different individual to receive those benefits. In Werner, the decedent retiree

2

designated his first wife as his beneficiary, and never updated his designation after their divorce; upon his death, his wife at the time of his death sought to recover these benefits. In both circumstances, the crux of the legal dispute was between the parties seeking to obtain the retirement benefits, and the Comptroller was sued to prevent disbursement of funds prior to a judicial determination of rights; both courts ordered the deposit of funds into the Court registry pending final resolution of the question of to whom those benefits were to be paid "in order to prevent any judgment granted herein from being worthless." See Werner, 70 Misc. 2d at 1053.

CPLR § 2701 has also been used for the deposit of rental payments in a landlord-tenant dispute, see Conforti v. Goradia, et al., 234 A.D.2d 237, 238 (N.Y. App. Div. 1996), and for disputed severance payments in an employment action. See Wein & Malkin, L.L.P. v. Wichman, 255 A.D.2d 244, 244 (N.Y. App. Div. 1998).

### B.   Insurance Law § 3212

Defendant argues that the relief sought by Plaintiff is prohibited by N.Y. Ins. L. § 3212(c)(1), which provides, in relevant part, that "no money or other benefits payable or allowable under any policy of insurance against disability…shall be liable to execution for the purpose of satisfying any debt or liability of the insured." This argument, however, is misplaced; Plaintiff is not seeking to garnish Defendant's properly received insurance benefits in order to satisfy an unrelated liability, nor is it behaving like a creditor seeking to attach a legitimate source of income. Instead, the insurance payments here are the subject of the lawsuit itself. Plaintiff's application is designed only to guard against additional losses, as it believes that any funds paid to Defendant would never be recoverable at the conclusion of this action. If its motion were granted, Plaintiff would continue to make payments on a monthly basis, with the understanding that if Defendant prevailed in the suit – that is, if it is determined that Defendant is

legitimately entitled to the payments – the funds would then be released to Defendant. Permitting the relief that Plaintiff seeks here would not violate the purposes of Ins. L. § 3312.

### C.  Application of CPLR § 2701(2) to the instant motion

Plaintiff believes that even if it prevails in this action, it is not likely to recover any of the money it has paid out to Defendant to date, because it is likely that Defendant has already spent that money. Through this motion, Plaintiff hopes to avoid further unrecoverable losses by paying the disputed funds into the court registry. The case at bar, however, presents a far different set of circumstances from those § 2701 cases described above, because granting an order pursuant to § 2701 in this case would pose a substantial burden to Defendant. None of the aforementioned cases presented a situation where the depositing of funds into the court registry left a party to the action facing a hardship along the lines of the one Defendant would suffer here.

There is no real dispute that Plaintiff meets the basic criteria required by § 2701(2) – the funds at issue are in the possession of Plaintiff, and those funds are due to Defendant under the current terms of the insurance policy. The only question for this Court to decide here is whether "special circumstances make it desirable" that the insurance benefits be deposited into the court registry.

On balance, we believe that such special circumstances do not exist in this case, particularly because the balance of the potential hardships in this situation appears to favor Defendant, at least at this point in the proceedings. To examine this point, consider the following scenarios: (1) Plaintiff's motion is denied and Plaintiff later succeeds on the merits; and (2) Plaintiff's motion is granted and Defendant later succeeds on the merits. If Plaintiff's motion is denied and Plaintiff ultimately prevails in this action, it only faces the risk that it will not be able to obtain full monetary satisfaction of its judgment at the time of judgment. While

4

this risk is not insubstantial – particularly given that Plaintiff has continued to make insurance payments to Defendant in good faith even since filing this suit in late 2005 – it is hardly one that will pose a substantial burden to Plaintiff. On the other hand, if Plaintiff's motion is granted and Defendant later succeeds on the merits, Defendant will have suffered a considerable hardship during the period in which her insurance benefits were deposited in the court registry. If we accept Plaintiff's representations about Defendant's financial situation, it is evident that these insurance benefits provide a significant source of income for Defendant, and to deprive her of that income simply because Plaintiff believes it will prevail in this matter seems premature to this Court. In sum, granting Plaintiff's motion here would cause a significant detriment to Defendant, particularly if Defendant were ultimately to prevail on the merits; in this Court's view, that potential harm is greater than the harm Plaintiff would suffer if its motion is denied and it ultimately is victorious in this case. Thus, Plaintiff's motion for an order permitting it to deposit all future insurance benefits payments claimed by Defendant into the court registry until the final resolution of this action is DENIED.

### III. Conclusion

For the reasons discussed above, Plaintiff's motion for an order permitting Plaintiff to deposit monthly insurance benefits into the court registry is DENIED. The Clerk of the Court is directed to terminate docket number 15.

IT IS SO ORDERED.

Dated: December 5, 2007
White Plains, New York

Stephen C. Robinson
United States District Judge